UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER CARL MAUTER, | ) | |
| | ) | |
| Petitioner, | ) | No. 16 C 11485 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| JACQUELINE LASHBROOK, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Peter Mauter has filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254,[1] challenging his 2010 convictions for predatory criminal sexual assault. In his petition, he presents two ineffective-assistance-of-counsel claims: (1) his attorney failed to perfect an appeal of the denial of his motion to withdraw his guilty plea; and (2) his attorney let a more favorable plea offer expire without informing him beforehand that the offer had an expiration date. R. 1, Habeas Pet. at 5. For the reasons that follow, Mauter's petition is denied, and no certificate of appealability shall issue.

## I. Background

When considering habeas petitions, federal courts must presume that the factual findings made by the last state court to decide the case on the merits are correct, unless the petitioner rebuts those findings by clear and convincing evidence.

---

[1]This Court has subject matter jurisdiction over the case under 28 U.S.C. § 2241. Citation to the docket is "R." followed by the entry number and, when necessary, the relevant page or paragraph number.

*See* 28 U.S.C. § 2254(e)(1); *Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012). Mauter has not provided clear and convincing evidence to rebut the presumption of correctness here, so this factual background is taken from the state courts' findings.[2]

In March 2010, Mauter was indicted on six counts of predatory criminal sexual assault of a child and two counts of aggravated criminal sexual abuse. *People v. Mauter*, 2016 WL 2610651, at *1 (Ill. App. Ct. May 5, 2016) ("*Mauter II*"), *available at* R. 9-1, Exh. C at 9. Three of the predatory criminal sexual assault counts named one of his daughters as the victim; the other three named his other daughter. *Id.* Under Illinois law, if Mauter were convicted of committing the offense against more than one victim (here, both of his daughters), a life sentence would have been mandatory. *Id.* (citing 720 ILCS 5/12-14.1(b)(1.2) (West 2004)). Otherwise, predatory criminal sexual assault was a Class X felony for which consecutive sentences were required. *Id.* (citing 720 ILCS 5/12-14.1(b)(1) (West 2004) and 730 ILCS 5/5-8-4(b) (West 2004)).

On May 17, 2010, Mauter's court-appointed attorney told the court that he had received a plea offer from the State, and that he wanted to discuss the deal with Mauter. *Mauter II*, 2016 WL 2610651, at *1. According to Mauter, this offer was for a 30-year sentence if he pleaded guilty to three charges. *Id.* at *2. To give Mauter

---

[2]There are two relevant opinions on the merits here: (1) the appellate court decision last addressing Mauter's counsel's alleged failure to perfect an appeal of the denial of Mauter's motion to withdraw his guilty plea, *People v. Mauter*, 2013 WL 3227674, at *1 (Ill. App. Ct. June 20, 2013) ("*Mauter I*"), *available at* R. 9-1, Exh. B at 5; and (2) the appellate court decision last addressing Mauter's counsel's alleged failure to inform Mauter that a more favorable plea offer had an expiration date before it expired, *People v. Mauter*, 2016 WL 2610651, at *1 (Ill. App. Ct. May 5, 2016) ("*Mauter II*"), *available at* R. 9-1, Exh. C at 9.

2

time to speak with his attorney, the court continued the case to June 3. *Id.* at *1. On June 3, however, Mauter's counsel told the court that he had received a new plea offer; as a result, the court granted Mauter another continuance. *Id.* By July 1, Mauter's attorney had received a third plea offer. *Id.* Following several more continuances, on August 17, 2010, the parties presented to the court a plea agreement under which Mauter would plead guilty to three counts of predatory criminal sexual assault against one daughter and, in exchange, the State would dismiss all of the remaining counts. *Id.* The court accepted Mauter's plea. *Id.*

In September 2010, Mauter moved to withdraw his guilty plea, alleging that he had not understood the consequences of his decision to plead guilty—but he withdrew that motion shortly thereafter. *Mauter II*, 2016 WL 2610651, at *2. Several months later, in March 2011, Mauter filed a second motion to withdraw his guilty plea; he ended up withdrawing that motion as well. *Id.* In July 2011, Mauter filed a third motion to withdraw his guilty plea. *Id.* The trial court heard the motion and—after receiving testimony from Mauter and his original trial attorney[3]—denied it. *Id.*

On September 7, 2011, Mauter was sentenced to three consecutive 15-year prison terms, for a total of 45 years' incarceration. *Mauter II*, 2016 WL 2610651, at *2. Mauter filed a motion to reconsider his sentence, which the trial court denied. *Id.* On appeal, however, the Appellate Court of Illinois vacated the order denying

---

[3]Mauter and his attorney's accounts differed as to how many times they discussed plea offers, although neither Mauter nor his attorney referred, in their testimony, to any specific offer other than the one that Mauter eventually accepted. *Mauter II*, 2016 WL 2610651, at *2.

3

Mauter's motion because Mauter's trial counsel had failed, when filing the motion to reconsider, to also file an accompanying certificate required by Illinois Supreme Court Rule 604(d).[4] *People v. Mauter*, 2013 WL 3227674, at *2 (Ill. App. Ct. June 20, 2013) ("*Mauter I*"), *available at* R. 9-1, Exh. B at 6. The appellate court remanded the case to the trial court with instructions to allow (1) the filing of a Rule 604(d) certificate; (2) the opportunity for Mauter to file a new post-judgment motion against the plea, the sentence, or both, if counsel concluded that a new motion was necessary; and (3) a new motion hearing. *Id.*

On remand, Mauter's counsel filed a motion to withdraw Mauter's guilty plea, a motion to reconsider Mauter's sentence, and a Rule 604(d) certificate. *Mauter I*, 2013 WL 3227674, at *2. At a subsequent hearing, Mauter's attorney informed the trial court that Mauter did not wish to "readdress" his motion to withdraw his guilty plea because it raised "the exact same allegations" as the motion to withdraw that the trial court had denied in July 2011. *Id.* After confirming with Mauter that everything his attorney said was accurate, the court stated that it would "grant the defense request to withdraw [the plea-withdrawal] motion." *Id.* The court then moved on to Mauter's motion to reconsider the sentence, which it denied. *Id.*

---

[4] Rule 604(d) requires that counsel "file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain [the] defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d).

4

Mauter appealed, claiming that the case should be remanded a second time so that he could file a new motion to withdraw his guilty plea. *Mauter I*, 2013 WL 3227674, at *2. According to Mauter, the Rule 604(d) certificate that his attorney had filed alongside the motion to withdraw the plea was fatally deficient because it did not state that Mauter and his attorney had discussed Mauter's claims against the entry of his guilty plea.[5] *Id*.

The appellate court held that, regardless of any error in the certificate, a second remand was not required because Mauter had already had a full and fair opportunity to raise his claims against his plea. *Mauter I*, 2013 WL 3227674, at *3. Indeed, because the post-remand motion to withdraw the guilty plea was identical to the motion that had been heard and denied in July 2011, a second remand would be "an empty and wasteful formality." *Id*. The Illinois Appellate Court vacated and modified several fines that had been imposed on Mauter, but otherwise affirmed the judgment. *Id*. at *3-4.

The next step was to petition for leave to appeal to the Illinois Supreme Court. In that petition, Mauter again argued that his counsel had filed a deficient Rule 604(d) certificate, but the Illinois Supreme Court rejected the petition in September 2013. R. 9-2, Exh M, 2013 PLA at 22; *People v. Mauter*, 996 N.E.2d 20 (Table) (Ill. 2013), *available at* R. 9-2, Exh. M at 52.

Mauter filed a state-court post-conviction petition on February 6, 2014. *Mauter II*, 2016 WL 2610651, at *2. His petition raised several ineffective

---

[5]The Rule 604(d) certificate stated only that Mauter's attorney had consulted with Mauter "in person to ascertain his contentions of error in the *imposition of the sentence*." *See Mauter I*, 2013 WL 3227674, at *2 (emphasis added).

5

assistance of counsel claims, including: (1) counsel failed to perfect an appeal of the denial of Mauter's motion to withdraw his guilty plea, and (2) counsel failed to inform Mauter that the May 17, 2010 plea deal, under which he would serve a total of 30-years imprisonment (instead of the 45-year term he received), had an expiration date. R. 9-2, Exh. O, Postconviction Pet. at 94-95, 99-100. The trial court summarily dismissed Mauter's petition. Order at 2, *People v. Mauter*, No. 10 CF 613 (Ill. Cir. Ct. May 6, 2014), *available at* R. 9-2, Exh. P at 104.

Mauter appealed, but presented only the expiration-date issue for review. *See* R. 9-1, Exh. J, Pet.'s Appellate Br. at 113 ("Whether the trial court erred by summarily dismissing the defendant's post-conviction petition, which alleged the gist of an arguably meritorious ineffective assistance of counsel claim based on counsel's failure to inform the defendant that the State's more favorable plea bargain had an expiration date."). The Illinois Appellate Court affirmed the trial court's dismissal, holding that Mauter had failed to comply with a state law requiring petitioners to support their petitions with "affidavits, records, or other evidence … or state why the same are not attached," 725 ILCS 5/122-2 (West 2014). *Mauter II*, 2016 WL 2610651, at *5. In the alternative, the appellate court held that Mauter had not sufficiently raised a claim of ineffective assistance of counsel. *Id.* According to the court, Mauter failed to show that prejudice[6] had resulted from his

---

[6]The Illinois Appellate Court actually spoke in terms of "arguable" prejudice. *Mauter II*, 2016 WL 2610651, at *5. In Illinois, a postconviction proceeding not involving the death penalty has three stages. *People v. Hodges*, 912 N.E.2d 1204, 1208 (Ill. 2009). At the first stage, the trial court must review the petition and, taking the allegations as true, determine whether it is "frivolous or is patently without merit." *Id.* at 1208-09 (internal quotation marks removed). A *pro se* petitioner need only "allege enough facts to make out a

6

counsel's purported failure to tell him that the May 2010 plea deal had an expiration date. *Id.* at *6.

So Mauter filed a second petition for leave to appeal, again raising only the expiration-date claim. R. 9-2, Exh. N, 2016 PLA at 53-66. The Illinois Supreme Court, however, denied Mauter leave to appeal in September 2016. *People v. Mauter*, 60 N.E.3d 879 (Table) (Ill. 2016), *available at* R. 9-2, Exh. N at 85.

Mauter has now filed a federal habeas petition in this Court. Habeas Pet. In his petition, he brings two claims. First, Mauter argues that he was denied effective assistance of counsel when his attorney failed to perfect an appeal of the denial of his motion to withdraw his guilty plea. *Id.* at 5. Second, Mauter claims that he was denied effective assistance of counsel when his attorney failed to inform him that a more favorable plea offer had an expiration date, and let that offer expire. *Id.* The State has asked this court to deny Mauter's petition. R. 8, State's Resp.

## II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotations marks omitted). To properly exhaust a claim, a petitioner must fully and fairly present federal claims through

---

claim that is arguably constitutional." *Id.* at 1208. Mauter's petition was summarily dismissed by the trial court at the first stage of review, thus the discussion of arguable prejudice.

one complete round of the state appellate review process before filing a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If a petitioner has failed to properly assert his federal constitutional claims at each level of state review, then his claims are procedurally defaulted. *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). A claim is also procedurally defaulted when a petitioner fails to raise his federal claims in compliance with state procedural rules, making the state court's refusal to adjudicate the claim an independent and adequate state ground for denying federal review. *Cone v. Bell*, 556 U.S. 449, 465 (2009). Either way, procedural default precludes federal court review of a petitioner's habeas claims. *See Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012). But a habeas petitioner may overcome procedural default either by demonstrating cause for the default and actual prejudice from the default, or by showing that the federal court's refusal to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice occurs when a habeas petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Thus, procedural default, although otherwise an absolute prerequisite to federal habeas review, may be excused in certain circumstances.

If the petitioner successfully runs the procedural-default gauntlet, then a federal court can consider the merits of his federal habeas claims. But under

AEDPA, a federal court may not grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law" or "if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Alternatively, under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 413. But just because a federal court independently concludes that the relevant state-court decision applied clearly established federal law erroneously does not mean that the court may grant the writ; rather, the state court's application must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "This is a difficult standard to meet; 'unreasonable' means 'something like lying well outside the boundaries of permissible differences of opinion.'" *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (quoting *Hardaway v. Young*, 302 F.3d 757, 763 (7th Cir. 2002)).

### III. Analysis

#### A. Failure to Perfect an Appeal

Mauter asserts that he was denied effective assistance of counsel when his attorney failed to perfect an appeal of the denial of his motion to withdraw his

9

guilty plea. Habeas Pet. at 5-6. Specifically, Mauter claims that his attorney failed to inform him that he needed to file a post-judgment motion to withdraw his guilty plea in order to preserve his right to challenge the plea on appeal. *Id*. at 5. This claim, however, is procedurally defaulted.

As noted earlier, a federal court may not grant habeas relief to a state prisoner if that prisoner has not first exhausted his remedies in state court. *O'Sullivan*, 526 U.S. at 844-45. "Comity … dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. "Failure to exhaust available state court remedies constitutes a procedural default." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). To avoid procedural default, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," even where the State's court of last resort has discretionary control over its docket. *O'Sullivan*, 526 U.S. at 845. In Illinois, that means a prisoner must raise his claims before the Illinois Appellate Court *and* the Illinois Supreme Court. *Id.*

Furthermore, it is not enough for a prisoner to simply mention his federal-law claims; he must fully and fairly *present* them to the Illinois state courts. *Chambers*, 264 F.3d at 737. A claim has been fairly presented when the prisoner "placed both the operative facts and the controlling legal principles before the state courts." *Id.* at 738. "A mere passing reference to a constitutional issue certainly does

not suffice." *Id.* (internal quotation marks omitted). That said, when deciding whether a habeas petitioner fairly presented his claims throughout one complete round of a state's appellate review process, "federal courts should avoid hypertechnicality," *id.* (internal quotation marks omitted), and *pro se* petitions should be construed liberally, *Warren v. Baenen*, 712 F.3d 1090, 1099-100 (7th Cir. 2013).

Mauter failed to fairly present this ineffective assistance of counsel claim through a complete round of state-court review. On his direct appeal to the Illinois Appellate Court, Mauter claimed that the Rule 604(d) certificate that accompanied the motion to withdraw his plea was deficient, but he never once framed the claim as based on ineffective assistance of counsel. *See* R. 9-1, Exh. G, Mauter's Direct Appeal Br. at 48-56. And it is not as if Mauter's appellate counsel (Mauter had counsel on appeal) did not know how to do so: in the same appeal, Mauter claimed that his trial counsel's failure to object to the imposition of various fees imposed at sentencing was ineffective assistance. *Id.* at 59-60. Moving beyond the initial prosecution and direct appeal, in his state post-conviction petition, Mauter did claim that his trial counsel was ineffective for failing to preserve his right to attack his guilty plea. R. 9-2, Exh. O, Postconviction Pet. at 94-95. But then Mauter did *not* pursue that claim on *appeal* after the post-conviction petition was dismissed. *See* R. 9-1, Exh. J, Mauter's Collateral Appeal Br. at 110-130 (alleging only that trial counsel was ineffective for failing to inform Mauter that a favorable plea deal had an expiration date before it expired); R. 9-2, Exh. N, 2016 PLA at 53-66. Because

11

this ineffective assistance of counsel claim (namely, that Mauter's attorney failed to perfect an appeal of the denial of his motion to withdraw his guilty plea) did not undergo a complete round of state court review, it is defaulted.[7]

### B. Failure to Inform of Plea Offer's Expiration Date

Mauter also claims that his trial counsel was ineffective for failing to inform him that the more favorable plea offer had an expiration date before that offer expired. Habeas Pet. at 5. This claim is procedurally defaulted *and* meritless.

### 1. Procedural Default

In general, a federal court may not review a habeas claim if the state court's prior rejection of that claim was based on an adequate and independent state law ground. *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010). A state law ground is considered "adequate" when it is a firmly established and regularly followed state practice. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). A state law ground is considered "independent" when the state court actually relied on the procedural bar (and not the claim's merits) as an independent basis for rejecting the habeas claim. *Id.* But if the state court's rejection appears to rest primarily on the resolution of the merits of the habeas claim, or is interwoven with the merits and does not clearly and expressly rely on the procedural default, then the state law ground is not independent. *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002).

---

[7]Mauter asserts that he did not appeal this issue because "the Appellate Court would have found the issue moot and then decla[red] it void," R. 14, Petitioner's Response Br. at 14, but a perceived likelihood of losing on appeal is not the sort of cause for which a court can excuse procedural default, *Coleman*, 501 U.S. at 752-54. What's more, Mauter has not argued that procedural default on this issue would result in a fundamental miscarriage of justice.

12

Here, the Illinois Appellate Court rejected Mauter's ineffective assistance of counsel claim because he did not attach "affidavits, records, or other evidence supporting [his] allegations" to his post-conviction petition, nor did his petition explain why such evidence was not attached, as is required by 725 ILCS 5/122-2. *Mauter II*, 2016 WL 2610651, at *3-5. The appellate court then went on to hold in the alternative that Mauter's allegations were insufficient to satisfy the prejudice prong of an ineffective assistance of counsel claim. *Id.* at *5-6.

Because the affidavit rule is an adequate state law ground, *Thompkins v. Pfister*, 698 F.3d 976, 986-87 (7th Cir. 2012) ("[T]he affidavit rule is established by statute, 725 [ILCS] 5/122-2, and regularly followed by Illinois courts, *see, e.g., People v. Guest*, 655 N.E.2d 873, 883 (Ill. 1995)."), the only question here is whether it was an independent basis for the appellate court's decision in this case. The Court holds that it was. The Illinois Appellate Court clearly and expressly relied on 725 ILCS 5/122-2 to affirm the dismissal of Mauter's claim. Indeed, it stated "*[f]or this reason alone*, we conclude that the summary dismissal of the petition was proper." *Mauter II*, 2016 WL 2610651, at *5; *cf. id.* ("Even assuming that [725 ILCS 5/122-2] did not justify the summary dismissal of the petition, the petition did not sufficiently raise a claim of ineffective assistance."). Because the state court's rejection of Mauter's claim was based on an adequate and independent state law ground, this claim is procedurally defaulted.

## 2. Ineffective Assistance of Counsel

Even if Mauter's claim was not procedurally defaulted, he still would not be entitled to habeas relief because the appellate court's merits decision was not contrary to or an unreasonable application of clearly established federal law.

To receive habeas relief on the merits of an ineffective assistance of counsel claim, Mauter must meet the familiar performance-and-prejudice standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mauter must show that (1) his attorney's performance fell below an objective standard of reasonableness and (2) he was prejudiced by that deficient performance. *Id.* at 687-88. To satisfy the second element, Mauter must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Where a petitioner, like Mauter, claims that he would have accepted a lapsed plea offer but for his counsel's deficient performance, *Strickland*'s "inquiry into whether the result of the proceeding would have been different requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed." *Missouri v. Frye*, 566 U.S. 133, 148 (2012) (internal quotation marks and citations omitted). Overall, judicial review of trial counsel's performance "must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *see also United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011).

On habeas review, this inquiry is doubly deferential: not only must the Court presume that "the challenged action might be considered sound trial strategy," *Strickland*, 466 U.S. at 689 (internal quotation marks omitted), but under AEDPA this Court must also defer to the state court's application of *Strickland* unless it is objectively unreasonable. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). To make this showing, Mauter must demonstrate that, although the appellate court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Williams*, 529 U.S. at 413. To be clear, the Court is not deciding whether the state court's determination was correct under *Strickland*, but rather whether it "produced an answer within the range of defensible positions." *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006) (internal quotation marks omitted).

Here, the Illinois Appellate Court held that Mauter had not even arguably established *Strickland* prejudice because the lack of interest that he showed in the offer after it was communicated to him undermined the bare allegation that he "probably" would have accepted the May 2010 offer before it expired had he known that it had an expiration date. *Mauter II*, 2016 WL 2610651, at *6. This determination was neither contrary to nor an unreasonable application of Supreme Court precedent. As an initial matter, the appellate court expressly cited *Strickland*, and tacitly applied the *Missouri v. Frye* prejudice standard by looking to whether it was likely that Mauter would have accepted the May 2010 offer had his counsel informed him of its expiration date. *See id*. The court then determined that Mauter's behavior during the plea process belied his claim that he "probably" would

15

have accepted the May 2010 offer. *See id.* Specifically, the court inferred a general lack of interest from (1) the fact that, after being informed of the 30-year offer, Mauter never spoke to his attorney about it again, and (2) the fact that there is no reference to the 30-year offer in the trial court record. *Id.* It was not objectively unreasonable for the appellate court to reach this conclusion.[8] Mauter's ineffective assistance of counsel claim fails.

## V. Conclusion

For the reasons discussed above, Mauter's habeas petition, R. 1, is denied. If Mauter wishes to appeal this denial of his habeas petition, he must first obtain a certificate of appealability. Under 28 U.S.C. § 2253, "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the circuit justice or judge first issues the certificate. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, a petitioner must show that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation

---

[8]It is not even clear that the May 2010 plea offer was more favorable than the plea deal that Mauter ultimately accepted. The plea deal that Mauter actually accepted had no agreement as to sentencing, *see Mauter II*, 2016 WL 2610651, at *6, which meant that Mauter's sentencing attorney was able to ask for 18-years imprisonment, *see* R. 9-3, Exh. Q, Sentencing Tr. at 197. The May 2010 proposal would have required Mauter to serve 30 years' imprisonment.

16

marks and citations omitted). For the reasons discussed above, Mauter has not made a substantial showing of the denial of a constitutional right; reasonable jurists would not debate whether the challenges in his habeas petition should have been resolved differently, nor would they determine that Mauter deserves encouragement to proceed further with his habeas claims. *See Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). The state appellate courts' decisions on Mauter's claims were well within the deference owed to state courts under AEDPA. The Court therefore declines to issue a certificate of appealability.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 22, 2017